IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ROSCOE LEWIS HOLLOWAY        *

    Plaintiff,                              *

       v.                                      * CIVIL ACTION NO. 3:05-CV-1155-F
                                                                                  (WO)

JAILER JOHN MOTES, *et al*.,       *

    Defendants.                           *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff filed this 42 U.S.C. § 1983 action on December 7, 2005. He seeks to challenge matters related to his confinement in the Randolph County Jail in November 1995. Plaintiff seeks monetary damages for the alleged violations of his constitutional rights. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I.  DISCUSSION**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

On November 24, 1995, jail officials at the Randolph County Jail detected the odor of marijuana on cell block A. They inquired as to who had the drugs and Plaintiff identified two particular inmates to jail personnel. These inmates were removed from the cell block, charged with possession of drugs, and then returned to cell block A. After the inmates' return, they assaulted Plaintiff causing him various injuries which required examination and treatment at a local hospital. Plaintiff maintains that Defendants exhibited deliberate indifference to his safety by returning the two inmates to the same cell block on which he was housed after he reported them to authorities. (Doc. No. 1.)

The actions about which Plaintiff complains occurred in 1995. It is, therefore, clear from the face of the complaint that Plaintiff's failure to protect claim is barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute

of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The actions about which Plaintiff complains occurred on November 24, 1995. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[2] Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing.[3] Consequently, the applicable statute of limitations expired on the claims arising from the November 1995 assault on Plaintiff in November 1997. Plaintiff filed the instant complaint on December 7, 2005. This filing, with respect to the claims presented in the instant complaint, is more than eight (8) years after the applicable limitations period lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983,

---

[2] The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

[3] While it appears that Plaintiff was imprisoned at the time the inmate assault occurred such that the tolling provision was therefore applicable to him at that time, any application to Plaintiff was promptly extinguished by recision of the tolling provision for prisoners by the Alabama Legislature on May 17, 1996. *Ala. Code* § 6-2-8(a) (1975, as amended).

3

it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, with respect to those claims related to the inmate assault in 1995, is brought more than two years after the violations about which he complains accrued. The statutory tolling provision is unavailing. In light of the foregoing,

the court concludes that Plaintiff's challenges to the 1995 inmate assault are barred by the applicable statute of limitations and these claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint is not filed within the time prescribed by the applicable period of limitations.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before January 19, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE